**GRAND STREET ARTISTS,**
**et al., Plaintiffs,**

v.

**GENERAL ELECTRIC CO.,**
**et al., Defendants.**

**No. M8–85.**

United States District Court,
S.D. New York.

Oct. 30, 1998.

**55.** U.S. Const., Amdt. 6.

Mary Jo White, U.S. Atty., S.D. New York by David S. Jones, Asst. U.S. Atty., for Cross-movant U.S. E.P.A.

Margaret B. Demers, Samuel I. Gutter, John Kuster of Sidley & Austin, Washington, DC, James A. Moss of Herrick & Feinstein, New York City, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

In this Miscellaneous Matter, General Electric Co. moves to compel enforcement of a subpoena duces tecum served in this District on the United States Environmental Protection Agency ("EPA"). The subpoena demands production of documents for use in the above-captioned lawsuit, now pending in the United States District Court for the District of New Jersey, to which the EPA is not a party. EPA, in turn, cross-moves to quash the subpoena, raising numerous objections ranging from the substantial to the invisible. One objection, however, is dispositive: sovereign immunity.

■ It is axiomatic that the United States Government and its agencies, as an attribute of their sovereign immunity, may not normally be subjected to judicial proceedings "against the sovereign" except to the extent that there has been an express waiver. *See, e.g., Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 734, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A proceeding is "against the sovereign" in this sense if, among other things, the result could serve " 'to restrain the Government from acting, or to compel it to act.' " *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) (citations omitted). Since enforcement of the instant subpoena would compel EPA to act, such enforcement is therefore barred by sovereign immunity absent an express waiver. *See Boron Oil Co. v. Downie,* 873 F.2d 67, 71 (4th Cir.1989).

As General Electric conceded at oral argument of the instant motions, the only potentially applicable waiver of sovereign immunity on which it here relies is embodied in section 702 of the Administrative Procedures Act. *See* Transcript, August 25, 1998, at 23. That statute provides in pertinent part that:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States[.]

5 U.S.C. § 702.

■ On any fair reading, the "action" referred to in this provision is a lawsuit, an independent, self-sufficient, legal proceeding commenced by a plaintiff's filing a complaint in which "[t]he United States may be named as defendant." *Id.; see also* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."). There is nothing in the pertinent language of § 702 to suggest that Congress remotely intended to stretch the ordinary meaning of "action" to encompass an ancillary motion against a non-party commenced, as here, not by filing an independent lawsuit but simply by moving to compel enforcement of a subpoena.

■ A lawsuit whose object is to obtain information from the Government may indeed be brought, but only pursuant to express statutory grants—for example, under the Freedom of Information Act, *see* 5 U.S.C. §§ 552(B),552a(g)—where the extent of the waiver of sovereign immunity is carefully delimited by detailed statutory requirements. By contrast, no statute expressly authorizes a private party to obtain access to Government information simply by serving a sub-

poena in a lawsuit to which no agency of the Government is a party. To treat such third-party motion practice as an "action" under § 702 would thus be not only contrary to ordinary usage but also fraught with potential for undercutting the limitations prescribed by Congress in the statutes that are *in pari materia.*

General Electric is unable to cite a single case to the contrary. Rather, General Electric relies entirely on cases in which the Government itself was a party to the underlying lawsuit, thereby directly implicating the express waiver set forth in § 702. *See Houston Business Journal, Inc. v. Office of the Comptroller of Currency,* 86 F.3d 1208 (D.C.Cir.1996); *Exxon Shipping Co. v. United States Dep't of Interior,* 34 F.3d 774 (9th Cir.1994); *Specter v. Garrett,* 995 F.2d 404 (3d Cir.1993) (suit against Secretary of the Navy, Secretary of the Defense, and Defense Base Closure Commission), *rev'd sub nom Dalton v. Specter,* 511 U.S. 462, 114 S.Ct. 1719, 128 L.Ed.2d 497 (1994); *Vizenor v. Babbitt,* 927 F.Supp. 1193 (D.Minn.1996) (suit against Secretary of the Interior and officials of Bureau of Indian Affairs); *New Alliance Party v. Federal Bureau of Investigation,* 858 F.Supp. 425 (S.D.N.Y.1994).

It follows that the instant subpoena enforcement motion does not constitute an "action" against the United States within the meaning of § 702, and that General Electric's enforcement motion must therefore be denied, while the EPA's cross-motion to quash must be granted.

SO ORDERED.