**Grand Street Artists, Plaintiff.**

**Docket No. 98–6279**

United States Court of Appeals, Second Circuit.

Argued: June 22, 1999

Decided: Dec. 14, 1999

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**
Appellee,

v.

**GENERAL ELECTRIC COMPANY,**
Defendant–Appellant,

David S. Jones, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (Mary Jo White, United States Attorney; Gideon A. Schor, Assistant United States Attorney, on the brief), for Appellee.

Virginia A. Seitz, Sidley & Austin, Washington, DC (Samuel I. Gutter, Margaret B. Demers, on the brief); Kirk R. MacFarlane, Of Counsel for General Electric Co., King of Prussia, PA, for Defendant–Appellant.

Before: MINER, JACOBS and SACK, Circuit Judges.

MINER, Circuit Judge:

Appellant General Electric Company appeals from an order entered in the United States District Court for the Southern District of New York (Rakoff, *J.*) denying a motion to enforce, and granting a motion to quash, a subpoena duces tecum addressed to the United States Environmental Protection Agency ("EPA"). The subpoena called for the production of certain documents for discovery in a lawsuit entitled *"Grand Street Artists, et al. v. General Electric Co., et al."* pending in the United States District Court for the District of New Jersey (the "New Jersey Action.") The subpoena was addressed to a named individual in the office of the EPA Regional Counsel in New York City and was issued by an attorney for General Electric in New York City. When the EPA refused to honor the subpoena, General Electric brought a proceeding in the form of a motion in the Southern District of New York to compel compliance, and the EPA cross-moved to quash.

In granting the cross-motion and denying the motion, the district court determined that the EPA is protected by sovereign immunity as an agency of the United States, that the United States waived its sovereign immunity from proceedings of this type by enactment of the Administrative Procedure Act ("APA"), and that General Electric failed to properly invoke the benefits of the APA by moving to enforce the subpoena rather than filing an independent lawsuit seeking to compel compliance. Disagreeing with the district court only in respect of the need for an independent lawsuit, we vacate the judgment of the district court and remand for further proceedings consistent herewith.

## BACKGROUND

The New Jersey Action arises out of the purchase, made over a half century ago, of

a former General Electric factory at 720–732 Grand Street, Hoboken, New Jersey, by a group of artists known as the Grand Street Artists partnership. Some time after the facility was converted to residential condominiums for sale to members of the partnership, mercury was found inside the building. The residents of the site were constrained to vacate in January of 1996, and the EPA asserted jurisdiction over the building under the federal Superfund program, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601, *et seq.* The EPA is providing for the permanent relocation of the residents. The Partnership and its members have pleaded various claims under state and federal law against General Electric and others in the New Jersey Action.

Contending that the documents sought from the EPA in discovery were "highly relevant" to the claims in the New Jersey Action, General Electric caused a subpoena duces tecum to issue out of the Southern District for the following documents relating to the premises in Hoboken:

> 1. All records reflecting communications by and between, and/or among USEPA, the Army Corps of Engineers, and the owners or former residents of the Premises regarding the Premises, which were not previously disclosed to GE; and

> 2. Any records reflecting real estate appraisals of the Premises including any re-appraisals, updated, or supplemental appraisals of the Premises, which were not previously disclosed to GE.

The subpoena was addressed to "Walter Mugd[a]n, Office of Regional Counsel, U.S. Environmental Protection Agency, 26 Federal Plaza, New York, New York 10007."

Following service of the subpoena, Catherine Garypie, Assistant Regional Counsel for the EPA, contacted counsel for General Electric and asked that the scope of the subpoena be narrowed. In response, counsel for General Electric agreed not to require the production of documents already produced in response to a Freedom of Information Act ("FOIA") request, *see* 5 U.S.C. § 552, and further agreed not to seek certain documents withheld in whole or in part in the EPA's FOIA response. Thereafter, Eric Schaaf, Acting Regional Counsel for the EPA, wrote a detailed letter to counsel for General Electric responding to the subpoena as narrowed.

In the letter, Schaaf first noted that Walter Mugdan was not assigned to the Office of Regional Counsel and therefore did not have custody of the records sought. Schaaf then wrote that he was refusing to produce the records because it would not be in the interest of the EPA to do so. He opined that providing the documents would be an inappropriate use of resources and could be seen as a failure to maintain impartiality in the litigation. He went on to identify a number of "concerns" raised by the document demand. The first related to matters of deliberative process, attorney-client and attorney work product privileges. The second was the possibility of interference with enforcement proceedings. Third, the EPA was concerned that many of the documents represented confidential research. Finally, Schaaf objected to furnishing appraisal reports, asserting, among other things, that the appraisals were made by outside appraisers, did not represent EPA policy and decisions, and, if released, might serve to complicate ongoing negotiations with property owners at the Grand Street site. Accordingly, the EPA rejected the subpoena as narrowed and refused to produce any other documents pursuant to it. Proceeding to treat the subpoena as a request under FOIA in accordance with EPA regulations, Schaaf noted that EPA already had responded to General Electric's FOIA request but had since decided "that it is appropriate to release several additional documents." We assume that those documents were released.

General Electric remained dissatisfied with the EPA response. There followed the motion to compel enforcement of the

subpoena duces tecum and the cross-motion to quash it which, according to the district court, "rais[ed] numerous objections ranging from the substantial to the invisible." *Grand St. Artists v. General Elec. Co.,* 22 F.Supp.2d 299, 300 (S.D.N.Y. 1998). The district court found one "substantial" basis for denying the motion to compel and for granting the cross-motion to quash. Noting that sovereign immunity insulates the United States Government and its agencies from judicial proceedings in the absence of an express waiver of that immunity, the court observed that

> [a] proceeding is "against the sovereign" in this sense if, among other things, the result could serve " 'to restrain the Government from acting, or to compel it to act.' " *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) (citations omitted). Since enforcement of the instant subpoena would compel EPA to act, such enforcement is therefore barred by sovereign immunity absent an express waiver. *See Boron Oil Co. v. Downie,* 873 F.2d 67, 71 (4th Cir.1989).

*Id.*

In accordance with the foregoing, the district court determined that a proceeding to compel the government to produce information cannot be instituted without express statutory authority. It found there was no specific statute authorizing a lawsuit to gain access to government information for use in litigation to which the government is not a party through the service of a subpoena. The court did find that the Administrative Procedure Act, *see* 5 U.S.C. § 702, which allows an action to be brought in the United States District Court against the United States for relief other than money damages, provides a means by which private litigants may seek access to government information. However, the district court concluded that

> [t]here is nothing in the pertinent language of [the Administrative Procedure Act] to suggest that Congress remotely intended to stretch the ordinary meaning of "action" to encompass an ancillary motion against a non-party commenced, as here, not by filing an independent lawsuit but simply by moving to compel enforcement of a subpoena.

*Id.* Accordingly, the court denied the motion to compel and granted the motion to quash General Electric's subpoena for the discovery of government documents not provided pursuant to its FOIA request. This appeal followed.

## DISCUSSION

### I. *Of the Application of EPA's "Housekeeping Regulations" to the Subpoena at Issue*

■ Relying on the doctrine enunciated by the Supreme Court in *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 468, 71 S.Ct. 416, 95 L.Ed. 417 (1951), the EPA asserts that Walter Mugdan, to whom the subpoena at issue was addressed, was not authorized to produce the requested documents and that the subpoena therefore was unenforceable. The Federal Housekeeping Statute, 5 U.S.C. § 301, authorizes government agencies such as the EPA to adopt regulations regarding "the custody, use, and preservation of [agency] records, papers, and property." In *Touhy,* a state prisoner who had instituted a federal habeas corpus proceeding caused a subpoena duces tecum to be served on an Agent of the Federal Bureau of Investigation ("FBI"). Touhy sought to have produced certain records that he claimed would serve as evidence that his conviction was brought about by fraud. Relying on a regulation adopted by the Department of Justice pursuant to a predecessor Housekeeping Statute, the agent declined to produce the records. The regulation required subordinates in the Department served with a subpoena duces tecum to disobey the subpoena in accordance with the instructions of the Attorney General. For his disobedience, the FBI agent was found guilty of contempt in the district court. *See* 340 U.S. at 463–66, 71 S.Ct. 416. The order of contempt was reversed by the

Court of Appeals. *See United States ex rel. Touhy v. Ragen,* 180 F.2d 321, 327, 329 (7th Cir.1950).

In affirming the judgment of the Court of Appeals, the Supreme Court found it unnecessary to examine the authority of the Attorney General to refuse to produce government papers pursuant to court order, "for the case as we understand it raises no question as to the power of the Attorney General himself to make such a refusal." *Touhy,* 340 U.S. at 467, 71 S.Ct. 416. Accordingly, the Court limited its examination to the refusal of a subordinate in the Department of Justice to produce subpoenaed papers on the basis of a departmental regulation. The Court concluded that the Attorney General's regulation was an appropriate one, reasoning as follows:

> When one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas *duces tecum* will be willingly obeyed or challenged is obvious.

*Id.* at 468, 71 S.Ct. 416.

> The Court noted that

> [t]he constitutionality of the Attorney General's exercise of a determinative power as to whether or on what conditions or subject to what disadvantages to the Government he may refuse to produce government papers under his charge must await a factual situation that requires a ruling.

*Id.* at 469, 71 S.Ct. 416.

The appropriate EPA regulations in the case before us provide that "no EPA employee may provide testimony or produce documents in any proceeding to which this Subpart applies concerning information acquired in the course of performing official duties or because of the employee's official relationship with EPA, unless authorized by the General Counsel or his designee."

40 C.F.R. § 2.402(b). The regulations further provide that no EPA employee may produce subpoenaed documents in cases where the United States is not a party "[u]nless the General Counsel or his designee ... determines that compliance with the subpoena is clearly in the interests of EPA." 40 C.F.R. § 2.405. According to the government, the authority of the General Counsel was delegated to Acting Regional Counsel Eric Schaaf with respect to employees of EPA's Region II (the locus of the records sought by General Electric) at all times pertinent to the case before us.

Although the subpoena served by General Electric was directed to Walter Mugdan in the Office of Regional Counsel, Mr. Mugdan was not at the time of the subpoena or thereafter serving in the Regional Counsel's office. However, the subpoena was in fact ultimately received by Eric Schaaf, the Acting Regional Counsel for Region II. Indeed, Mr. Schaaf crafted a detailed letter to General Electric in response to the subpoena. In that letter, Mr. Schaaf acknowledged service of the subpoena, noted that the scope of the subpoena had been narrowed in a letter from Counsel for General Electric to the Assistant Regional counsel, reviewed the facts of the case and the applicable regulations, gave reasons why production would not be in the best interests of the EPA and concluded: "Accordingly, the regulatory standard for release not [having been] met, *I* respectfully refuse to produce the documents sought by your subpoena." (Emphasis supplied). Earlier in the letter, Mr. Schaaf observed that "[t]hese regulations require *me,* as the designee of the General Counsel, to respectfully refuse to produce the documents unless *I* determine that it is in the interest of EPA to produce them." (Emphases supplied).

In view of the foregoing, the Government's contention that the subpoena must be quashed for General Electric's failure to subpoena the official authorized to make the determination for release of records must be rejected. The subpoena was di-

rected to one who had served as Regional Counsel but at the time of service was on detail elsewhere in the EPA. The Regional Counsel was the authorized official and the Acting Regional Counsel made the necessary decision. The fact that the person named in the subpoena and thought to be assigned to the Office of Regional Counsel was not technically the proper person is of no moment in this case. Service of the subpoena apparently was accepted by a secretary in the Office of Regional Counsel. We have no hesitancy in holding that the Government waived any objection it might have had to the failure to serve or name the proper party in this case.

Because the subpoena was directed to "Walter Mugdan, Office of Regional Counsel" it was clearly understood to be addressed to the designated office, without regard to the individual named. Office holders frequently change in the government, and it was the present holder of the office who in fact responded to the subpoena. We may therefore deem the subpoena validly addressed to and served upon the appropriate decisionmaker in this case in accordance with EPA regulations. Nothing in *Touhy* suggests a contrary conclusion. *Touhy* merely dealt with the question of whether an employee, acting pursuant to the order of an agency decisionmaker could be held in contempt for failing to produce documents. The Court in that case specifically declined to consider the question of whether the appropriate decisionmaker could refuse altogether to produce the subpoenaed documents. *See* 340 U.S. at 467, 469, 71 S.Ct. 416. The answer to that question requires an examination of the issue of sovereign immunity and its waiver, the issue to which we now turn.

## II. *Of Sovereign Immunity and Its Waiver*

It is long settled law that, as an attribute of sovereign immunity, the United States and its agencies may not be subject to judicial proceedings unless there has been an express waiver of that immunity. *See Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 733–34, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A judicial proceeding is considered brought against the sovereign if the result could serve "to restrain the Government from acting, or to compel it to act." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) (citations and internal quotation marks omitted). We agree with the district court that the enforcement of this subpoena duces tecum issued by General Electric to the EPA would compel the EPA to act and therefore is barred by sovereign immunity in the absence of a waiver.

We recognize that the rules under which this subpoena was issued make no specific provisions regarding service on the Government as a non-party. Rule 34(c) of the Federal Rules of Civil Procedure, relating to discovery, provides only that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Fed.R.Civ.P. 45 provides generally for the issuance of a subpoena directing a person "to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." Fed.R.Civ.P. 45(a)(1)(C). Written objection to the subpoena may be made, in which event "the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production." Fed. R.Civ.P. 45(c)(2)(B).

The Rules also allow the persons served to move to quash or modify a subpoena if, among other things, the subpoena requires disclosure of privileged or other protected matter, subjects the person served to an undue burden or requires disclosure of confidential research information. *See* Fed.R.Civ.P. 45(c)(3)(A) & (B). A similar

provision for limitation of the scope of a subpoena is found in the rules relating to discovery.[1]

■ General Electric urges us to adopt the rule enunciated by the Ninth Circuit in *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774 (9th Cir.1994). In that case, Exxon brought suit against five federal administrative agencies and their employees to compel discovery in connection with its defense of an action arising from the Exxon Valdez oil spill. The district court had determined that denial of discovery by the Government was permissible under the provisions of the Federal Housekeeping Statute and the Administrative Procedure Act. The Court of Appeals held that the district court erred in determining that the Housekeeping Statute authorized agencies to decline to respond to valid discovery requests. *See id.* at 778, 780. It concluded that the Housekeeping Statute

> does not create an independent privilege to withhold government information or shield federal employees from valid subpoenas. Rather, district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action. Under the balancing test authorized by the rules, courts can ensure that the unique interests of the government are adequately considered.

*Id.* at 780. In arriving at this conclusion, the Court discussed the broad authority conferred upon district courts to limit discovery in accordance with relevant factors, including the need to preserve any testimonial privilege that may be available to the government. *See id.* at 779–80. The Ninth Circuit declined to reach Exxon's claim under the APA, although it observed in a footnote "that collateral APA proceedings can be costly, time-consuming, inconvenient to litigants, and may 'effectively eviscerate[ ]' any right to the requested testimony." *Id.* at 780 n. 11 (citation omitted).

We disagree with the Ninth Circuit's approach and think that the only identifiable waiver of sovereign immunity that would permit a court to require a response to a subpoena in an action in which the government is not a party is found in the APA. We already have noted that the government may not be subject to judicial proceedings unless there has been an express waiver of its sovereign immunity. The rules governing discovery and the issuance of subpoenas duces tecum for the production of documents by third parties include no express waivers of the type necessary to subject the government to compulsion in judicial proceedings to which it is not a party. The only express waiver to be found in this regard is in the APA. It specifically allows final agency actions to be reviewed by federal courts if there is a claim "that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority," and the relief sought is other than money damages. 5 U.S.C. § 702. According to the statute, "[a]n action in a court of the United States seeking [such] relief ... shall not be dismissed nor relief therein be denied on the ground that it is against the United States." *Id.*

■ The district court held that the APA provides the only express waiver of immunity by which General Electric can

1. "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

seek the documents it desires by way of discovery in the action brought against it by Grand Street Artists. We are in agreement with this holding and with the determination that this EPA action is reviewable under the APA. *See Davis Enters. v. United States Envtl. Protection Agency,* 877 F.2d 1181, 1186 (3rd Cir.1989) (reviewing under the APA the EPA's refusal to comply with a subpoena). However, we think that the district court erred in deciding that "the 'action' referred to in [5 U.S.C. § 702] is a lawsuit, an independent, self-sufficient, legal proceeding commenced by a plaintiff's filing a complaint." 22 F.Supp.2d at 300 (citations omitted). In our view, the APA allows the enforcement of a non-party subpoena duces tecum for discovery against the government through a motion to compel compliance. We think that the district court interpreted "action" in section 702 of the APA in too narrow a fashion for the purposes of this case.

Section 702 does not say that judicial review of agency actions may not be had by means other than independent actions. Moreover, the APA provides, in the section entitled "Form and venue of proceeding" as follows: "Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement." 5 U.S.C. § 703. A separate action for judicial review to compel compliance with a third-party subpoena addressed to the government during an ongoing litigation would provide neither a prior nor an adequate opportunity for review. A separate action would not be "prior to" but rather contemporaneous with the ongoing litigation. Such an action would be inadequate because it would result in time-consuming additional litigation that would either render the resulting discovery moot for the original litigation or unnecessarily delay that action. As previously noted, a separate action also does not provide the exclusive opportunity for judicial review.

Accordingly, the EPA's refusal to comply with the subpoena duces tecum issued by General Electric may be reviewed in the civil proceeding brought in the Southern District by the motion to enforce. In allowing the district court to proceed under the provisions of the APA to determine the propriety of the subpoena, without a separate and independent lawsuit, we recognize the scheme for waiver of sovereign immunity for review of agency actions provided by the APA, permit the use of subpoenas for discovery to be served upon the United States as a non-party in accordance with the pertinent rules of procedure, and promote judicial economy by allowing the underlying litigation to advance without delay.

On remand, the district court will, of course, review the EPA's refusal to respond to the subpoena under the standards for review established by the APA. *See COMSAT Corp. v. National Science Found.,* 190 F.3d 269, 277 (4th Cir.1999); *Moore v. Armour Pharm. Co.,* 927 F.2d 1194, 1197 (11th Cir.1991). Applying these standards, the district court will decide whether the EPA's action in withholding documents is, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In this regard the district court may consider EPA claims of privilege and undue burden. The application of these standards will maintain the appropriate balance between the interests of the government in conserving limited resources, maintaining necessary confidentiality and preventing interference with government functions, and the interests of suitors in discovering important information relevant to the prosecution or defense of private litigation.

## CONCLUSION

The judgment of the district court is vacated and this case is remanded for fur-

ther consideration in accordance with the foregoing.