UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,
Appellee,

v.

GENERAL ELECTRIC COMPANY,
Defendant–Appellant,

Grand Street Artists, Plaintiff.

Docket No. 98–6279.

United States Court of Appeals,
Second Circuit.

Argued June 22, 1999

Decided Dec. 14, 1999

Motions for Rehearing Filed Jan.
28 and Feb. 7, 2000

Decided May 15, 2000

Mary Jo White, United States Attorney for the Southern District of New York (David S. Jones, Gideon A. Schor, Assistant United States Attorneys, Of Counsel), for Appellee.

Virginia A. Seitz, Sidley & Austin, Washington, DC (Samuel I. Gutter, Margaret B. Demers, on the brief); Kirk R. Macfarlane, Counsel for General Electric Co., King of Prussia, PA, for Defendant–Appellant.

Before: MINER, JACOBS and SACK, Circuit Judges.

Judge MINER dissents in a separate opinion.

JACOBS, Circuit Judge:

Cross-motions for rehearing have been filed with respect to this Court's December 14, 1999 opinion in the above-captioned case, *United States Envtl. Protection Agency v. General Elec. Co.*, 197 F.3d 592 (2d Cir.1999), pursuant to Rules 35 and 40 of the Federal Rules of Appellate Procedure.

The United States Environmental Protection Agency ("EPA") asks the Court to reconsider our holding that the district court, pursuant to Section 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, may entertain General Electric's motion to compel the EPA to respond to a non-party subpoena even though General Electric has not filed an independent action against the EPA. *See General Elec. Co.*, 197 F.3d at 599. The EPA's motion is denied.

General Electric asks the Court to reconsider the next-to-last paragraph of the opinion, which states that "[o]n remand, the district court will, of course, review the EPA's refusal to respond to the subpoena under the standards for review established by the APA." *Id.* The fact that Section 702 of the APA provides the applicable waiver of sovereign immunity in the action, *see id.*

at 598–99, does not necessarily mean, General Electric argues, that the APA, 5 U.S.C. § 706(2)(A), furnishes the standard of review. General Electric argues that the Court can find a waiver of sovereign immunity pursuant to Section 702, which permits federal review of a "legal wrong because of agency action," 5 U.S.C. § 702, and then apply the standard of review set forth in the "law" violated, in this case Rule 45 of the Federal Rules of Civil Procedure.

We grant General Electric's motion for rehearing. Upon rehearing, we conclude that the next-to-last paragraph of our December 14, 1999 opinion, which would otherwise be a holding in this case, is not to be regarded as the opinion of the Court.

The Court takes this step for several reasons. First, the question of the appropriate standard of review was not reached by the district court or argued in this Court (beyond a reference in a footnote and a response thereto). Second, as General Electric's motion for rehearing reflects, a plausible argument can be made in support of the idea that Section 706 of the APA is not necessarily the appropriate standard of review. Third, the disposition of the instant appeal does not compel us to decide the question. Fourth, depending upon the course of events after remand, it may be unnecessary for the standard of review to be decided in this case. For instance, the district court could find that the EPA was entitled to withhold the documents under either the standard of review established by the APA or that set forth by GE. Finally, if the question must be decided on remand, the district court, having the benefit of full briefing, will then be in the better position to consider the issue in the first instance.

For the same reasons, the Court reaches this result without requesting additional briefing from the government. If the question of the appropriate standard of review must ultimately be decided, the government will have a full opportunity to state its views in the district court.

In all other respects, the Court reaffirms its decision of December 14, 1999.

MINER, Circuit Judge, dissenting:

I dissent from the foregoing decision which, as I understand it, grants the petition of General Electric for a rehearing and, without affording any opportunity for response from the government, excises an entire paragraph from the unanimous opinion of the panel. The offending paragraph pertains to the standard of review to be applied by the district court on remand.

In the opinion heretofore filed in this case, 197 F.3d 592 (2d Cir.1999), we determined that a third party discovery subpoena directed to the Environmental Protection Agency ("EPA") by the General Electric Co. was subject to enforcement in the underlying action. In arriving at this conclusion, we agreed with the district court that the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.*, provides the requisite waiver of sovereign immunity for this purpose, *see* 197 F.3d at 598–99, but we disagreed with the district court's determination that an independent action was necessary, *see id.* at 599. Accordingly, we remanded the case for review of the refusal of EPA to respond to the subpoena. In doing so, we noted that the standard of review should be that established by the APA, 5 U.S.C. § 706, and we elaborated on that standard for the benefit of the district court. *See id.* Despite the unanimity of the panel, my colleagues now think that a revision of the opinion is necessary.

First of all, the standard of review to be applied by the district court in this case is not a "point of law or fact that . . . the court has overlooked or misapprehended" and therefore is not the proper subject for a rehearing petition. Fed. R.App. P. 40(a)(2). The standard of review was not overlooked, since a full paragraph was devoted to its explication. My colleagues do not even say that the standard was misapprehended, having previously joined in the

decision setting it forth and now preferring to leave the district judge with the task of figuring it out. But there is no basis given for leaving this mystery to the district judge to resolve. I am sure that the district judge would appreciate some guidance in the matter.

The majority suggests that the appropriate standard of review was not fully presented for our consideration. However, the government's brief at page 43 clearly put forward its position on this issue, urging that the so-called "arbitrary and capricious" standard of the APA should apply. In its reply brief, GE devoted approximately two pages of text, starting at page 22, to the subject of standard of review under a caption entitled "The Arbitrary and Capricious Standard of Review of Agency Decisionmaking Does Not Apply." In its petition for rehearing, GE does not assert that it lacked the opportunity to present the standard of review question in its original argument. It merely contends that the standard adopted was wrong. In the alternative, it seeks to have the court "clarify" the standard fixed. Surely, clarification cannot be the subject of a rehearing petition in a case such as this. The parties were fully aware that the APA might be held to provide the waiver of sovereign immunity and therefore had to know that the APA standard of review was very much in issue. Our decision establishing the standard requires no clarification.

"The purpose of petitions for rehearing, by and large, is to insure that the panel properly considered all relevant information in rendering its decision." 2A Federal Procedure § 3:835 (Law.Coop.1994). What relevant information did we not consider in arriving at our decision? All the necessary information, factual and legal, to support a ruling on the standard of review was before us, and we decided that issue without dissent. My colleagues now think that we *may* have decided the issue incorrectly, opining at this late date that a "plausible argument" can be made that APA § 706 does "not necessarily" provide the proper standard for review. Nowhere is any authority cited for the notion that the office of a decision on rehearing is to classify a portion of the reheard opinion as "dubitante."

My colleagues' reasoning also escapes me in regard to their statement that "it may be unnecessary for the standard of review to be decided in this case." How can this be so? The learned district judge must now determine, according to the undisturbed portion of our opinion, what material GE's discovery subpoena entitles it to. My colleagues say that "the district court *could* find that the EPA was entitled to withhold the documents under either the standard of review established by the APA or that set forth by GE." (emphasis supplied). *See supra* at page 690. But that is not a valid reason for us to duck the issue, especially since we have already confronted and decided it. Some standard must be established, and a standard confiding broad discretion to the district judge was provided by the paragraph of the opinion now stricken.

Although referred to in shorthand as an "arbitrary and capricious" standard by the parties, the APA standard of review is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 702(2)(A), as recognized in the stricken paragraph. Moreover, the language my colleagues today delete refers to privilege and undue burden as part of the standard of review mix. These are phrases taken from Fed.R.Civ.P. 45(c)(3), relating to the modification of subpoenas, and Fed.R.Civ.P. 26(b)(2), relating to limitations on discovery. The opinion clearly signalled that "abuse of discretion" and "contrary to law" encompass much more than "arbitrary and capricious." Accordingly, the district court was given great leeway in applying the broadly-worded APA standard of review.

Finally, in fifteen years of service on this court, I never have served on a panel that granted rehearing and proceeded to a

decision on a substantive matter without requiring a response to the rehearing petition. The applicable rule provides that there shall be no answer to a petition unless the court requests it. *See* Fed. R.App. P. 40(a)(3). However, it goes on to provide as follows: "But ordinarily rehearing will not be granted in the absence of such a request." *Id.* I do not think it proper judicial practice or a good precedent to proceed without soliciting an answer to the rehearing petition from the government in this case.

For the foregoing reasons, I respectfully dissent from the order amending the opinion.