KWAN FAI MAK, Plaintiff–Appellant,

v.

The **FEDERAL BUREAU OF INVESTI-GATION**; Department of Justice; John Ashcroft\*, Attorney General, Defendants–Appellees.

No. 99–35516.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001

Filed June 8, 2001

et Reno. Fed. R.App. P. 43(c)(2).

James E. Lobsenz, Seattle, Washington, for the plaintiff-appellant.

Brian C. Kipnis, Assistant United States Attorney, Seattle, Washington, for the defendants-appellees.

Before: REINHARDT, WARDLAW, and RONALD M. GOULD, Circuit Judges.

REINHARDT, Circuit Judge:

The plaintiff in this action, Kwan Fai Mak, is also a defendant in a pending state capital proceeding. Mak filed this action in the United States District Court pursuant to the Administrative Procedure Act (APA) to compel the Federal Bureau of Investigation (FBI) to disclose information that may be useful to his defense in his capital sentencing proceedings. The present action is in federal court because the FBI refuses to disclose the information Mak seeks, and state courts lack authority to enforce subpoenas against the federal government.

I.

Kwan Fai Mak was tried, convicted, and sentenced to death for aggravated first degree murder for thirteen execution-style killings at a club in Seattle's Chinatown district. *Washington v. Mak,* 105 Wash.2d 692, 718 P.2d 407, 413 (1986). The FBI assisted the Seattle Police Department in the murder investigation. As a result, its files contain significant information regarding the crimes.

After his state court proceedings, Mak filed a petition for habeas corpus in federal court. The district court granted the petition with respect to his death sentence, and we affirmed.[1] *Mak v. Blodgett,* 970

---

1. The district court denied relief with regard to Mak's conviction, which we also affirmed.

*Mak v. Blodgett,* 970 F.2d at 616.

F.2d 614, 616 (9th Cir.1992) (per curiam). Washington again initiated proceedings to sentence Mak to death. At that time, Mak requested all of the information concerning his case from the FBI files. Although some disclosures were made, the identities of two of the FBI's confidential informants, referred to throughout this litigation as "C–1" and "C–3," were not revealed. When Mak asked the state court to compel disclosure, the FBI contended that he had failed to follow proper administrative procedures when seeking the information. Mak then agreed to do so and requested release of the informants' identities through administrative processes, but the FBI again refused to disclose the identities of the two informants.

Mak next sought to obtain a review of the FBI's refusal by the Deputy Attorney General, a procedure set forth in the Department of Justice's regulations. The FBI insisted, however, that under that procedure, a further ruling from the state court was required before the matter could be referred to the Deputy Attorney General. The FBI suggested that Mak request an advisory opinion from the state judge and Mak agreed to do so. Mak then obtained an advisory opinion, in which the state court ruled that C–1's identity should be revealed, and that C–3 should be produced for a deposition in which his identity would be protected. In doing so, however, the state judge made it plain that she was not ruling on some critical defenses that the FBI might assert were Mak to seek an actual subpoena. She prefaced her opinion by noting that it was offered "without regard to any special barriers that may apply when the information is in the hands of a federal agency such as the FBI, and

without regard to whether the information is classified."

This time, the Deputy Attorney General considered the matter. He refused, however, to disclose C–1's identity, and later informed the court that C–3 refused to appear for the deposition without first being served with a subpoena. Mak then filed this action in federal court, pursuant to the APA, challenging the federal government's refusal to disclose the information he seeks.[2] After the district court entered judgment for the government, he appealed.

Mak claims that the district court erroneously concluded that (1) the Department of Justice could, on the basis of its regulations authorizing disclosure of information for judicial proceedings, withhold the identities of two confidential informants, C–1 and C–3, and refuse to serve process on them; and (2) the government's action does not violate his Fifth, Sixth, Eighth and Fourteenth Amendment rights. Our review of these claims is governed by the APA. 5 U.S.C. §§ 702–706. The APA authorizes federal courts to set aside agency actions that are, *inter alia,* "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *id.* at § 706(2)(A); "contrary to constitutional right, power, privilege, or immunity," *id.* at § 706(2)(B); or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id.* at § 706(2)(C).

## II.

Mak first argues that the Department of Justice wrongly withheld information that the Washington state court had ruled, in its advisory opinion, should be disclosed.

---

**2.** Mak's federal action also sought to compel disclosure of the informants' identities pursuant to the Freedom of Information Act, 5 U.S.C. § 552. The district court separately rejected the Freedom of Information Act claim, and Mak does not challenge that ruling on appeal. Rather, this appeal concerns only the Department of Justice's obligation to release information demanded by a state court, as well as Mak's constitutional claims.

We begin our analysis of this argument by recognizing that the Department of Justice has promulgated regulations, authorized by 5 U.S.C. § 301, setting forth the procedures it follows in response to demands for "production or disclosure" of information for state and federal court proceedings from the Department of Justice and its employees. 28 C.F.R. § 16.21(a). These regulations, known as the *"Touhy* regulations,"[3] channel review of such demands to the responsible United States Attorney, and then provide a set of procedures for the United States Attorney to follow when considering such demands. 28 C.F.R. §§ 16.22(b); 16.24. They also provide a mechanism for the United States Attorney's determination to be appealed to the Deputy Attorney General, who is authorized by the regulations to make a final determination for the Justice Department. 28 C.F.R. § 16.25. The regulations "provide guidance for the internal operations of the Department of Justice," and do not create substantive rights. 28 C.F.R. § 16.21(d).

As the government acknowledged at oral argument, the regulations do not "create an independent privilege" authorizing the Department of Justice to withhold information. *Exxon Shipping Co. v. United States Dep't of Interior,* 34 F.3d 774, 780 (9th Cir.1994). Nor could they, because the statutory authority for them, 5 U.S.C. § 301, makes clear that it "does not authorize withholding information from the public or limiting the availability of records to the public." *Id.* Rather, the regulations simply set forth administrative procedures to be followed when demands for information are received.

■■■ The regulations are quite specific. They provide for disclosure of information to state courts after receipt of a "demand"[4] for such information. 28 C.F.R § 16.22(a). Such a demand would ordinarily take the form of a subpoena. While principles of sovereign immunity preclude actions to *enforce* state-court subpoenas against the United States, *Elko County Grand Jury v. Siminoe,* 109 F.3d 554, 556 (9th Cir.1997), those principles do not preclude *issuance* of such subpoenas, and the *Touhy* regulations, authorizing responses to demands for information from state courts, clearly contemplate that subpoenas may *issue.* Indeed, the regulations plainly state that one of their purposes is to "set forth procedures to be followed with respect to the ... [disclosure of information in] *state* proceedings in which the United States is not a party, ... when a *subpoena* ... of a court is issued for such ... information." 28 C.F.R. § 16.21(a) (emphasis added).[5]

■■■ In this action, the Washington state court has not issued a subpoena or any other order *demanding* any information from the FBI or the Department of Jus-

---

**3.** The regulations, codified at 28 C.F.R. §§ 16.21–16.29, were adopted following the Supreme Court's decision in *Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), holding that, in general, federal officials could not be held in contempt for failing to disclose information demanded. *Id.* at 469, 71 S.Ct. 416. In that case, the Supreme Court specifically left open the question whether the agency or agency head could be held in contempt. *Id.*

**4.** The regulations define a "demand" as a "subpoena, order, or other demand ... of a

court or other authority." 28 C.F.R. § 16.21(a)(2).

**5.** Because the state court cannot enforce its subpoena in the event that the Department of Justice fails to honor it after a party seeking the information has taken the appropriate steps through the Department's administrative processes, the proper procedure for the party seeking to compel disclosure in such circumstances is to file a separate action in federal court under the APA. *Elko County,* 109 F.3d at 557 n. 1.

tice. Rather, it has merely provided an "advisory opinion" explaining how it would rule on issuing a subpoena, "without regard to any special barriers that may apply when the information is in the hands of a federal agency such as the FBI, and without regard to whether the information is classified." In its brief, the government contends that with regard to C–3, it did not act improperly in refusing to disclose this informant's identity because "there has not yet been a [state] court demand for such information." Similarly, with regard to C–1, while the Deputy Attorney General refused to disclose his identity on the ground that it is "classified," the state court did not address the question whether the fact that the informant's identity is classified affords the government a privilege, and, if so, whether that privilege was dispositive. With respect to both C–1 and C–3, the state court both failed to make a demand and failed to consider all of the issues necessary to decide whether a subpoena should issue.

In the absence of an actual demand (in the form of, e.g., a state court subpoena) that the federal government disclose the identities of its confidential informants, the necessary steps have not been taken under the *Touhy* regulations to require the Department of Justice to determine whether to release the information sought. Under the circumstances, we conclude that the government's actions in failing to disclose that information were not "arbitrary, capricious, an abuse of discretion," or "in excess of statutory ... authority." 5 U.S.C. § 706(2).[6]

### III.

Mak next argues that the FBI's refusal to serve a subpoena on its confidential informants or to provide him with their names so that he can arrange for such service violates his Sixth Amendment right to compulsory process. Whether or not the Sixth Amendment imposes a duty on the federal government to provide a state court defendant with compulsory process, and we express no view on that question here, it is clear that no violation of any such duty has occurred in this case. Although Mak complains that the FBI has not served process on its confidential informants, he has not sought or obtained a subpoena from the state court. As a result, as explained above, that court has not at this point made any decision as to whether or not to issue a subpoena for the confidential informants. Unless and until it does, any Sixth Amendment claim by Mak is, at the least, premature.

### IV.

Mak also contends that the FBI's actions deny him due process in violation of the Fifth Amendment. Relying on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), he contends that the FBI has an obligation to disclose the identities of its confidential informants because the information could be exculpatory. We need not, and do not, decide whether the rule recognized in *Brady* imposes a duty on the federal government to provide information to a state court defendant because, even assuming *arguendo* that is

---

**6.** Mak also argues that in the federal proceeding, the district court should have considered whether, under *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), he was entitled to disclosure of the informants' identities because it was "relevant and helpful to [his defense, and therefore any] ... privilege must give way." *Id.* at 60–61, 77 S.Ct. 623. Whether the federal court should re-weigh the evidence on which a state court bases its decision to issue a subpoena or whether issue preclusion should apply when determining if the Justice Department's refusal to comply is arbitrary, capricious, an abuse of discretion, or in excess of statutory authority is a question we need not decide given the present posture of this appeal.

does, Mak cannot, at this stage of the proceedings, demonstrate that any such violation has occurred.

■ Merely withholding evidence useful to a defendant does not violate the *Brady* rule. Rather, a constitutional violation occurs only when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). A *Brady* analysis requires a showing that, because the evidence was withheld, "prejudice . . . ensued." *Strickler v. Greene,* 527 U.S. 263, 282, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); *United States v. Howell,* 231 F.3d 615, 627 (9th Cir.2000). At this early stage in the state criminal proceedings, it is not possible to determine whether withholding the information in question will create a *Brady* violation, because it is not clear how important the withheld information will be. Accordingly, we conclude that, at this stage of the proceedings, Mak's Fifth Amendment argument is also, at the least, premature.

## V.

■ Mak next argues that by withholding the identities of its confidential informants, the FBI has denied him his Eighth Amendment right to present mitigating evidence during his capital sentencing hearing. A state violates the Eighth Amendment when it inflicts the death penalty without providing the defendant the opportunity to present mitigating evidence because " 'justice . . . requires . . . that there be taken into account the circumstances of the offense together with the character and propensities of the offender.' " *Eddings v. Oklahoma,* 455 U.S. 104, 112, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982) (quoting *Pennsylvania v. Ashe,* 302 U.S. 51, 55, 58 S.Ct. 59, 82 L.Ed. 43 (1937)) (omissions in original).

■ In this action, Mak is not challenging the imposition of the death penalty by the state. Rather, he argues that the federal government has a duty to enable him to present mitigating evidence in state court. Whether or not such an argument could ever provide a basis for an Eighth Amendment claim is a question we need not, and do not, consider here. As a state-court defendant, Mak can raise an Eighth Amendment argument in federal court only in a habeas proceeding, and only after he has been sentenced and has exhausted his state appeals. 28 U.S.C. § 2254.

## VI.

■ Mak's final argument is that, even if the panel concludes that the federal government does not, in general, owe a defendant any constitutional duties with respect to a state prosecution, in this case it does owe him such a duty because, during the investigation of his crime, the FBI acted under color of state authority. The mere fact that the FBI collaborated with the Seattle Police Department does not make the FBI a state actor subject to the constraints of the Fourteenth Amendment. *See United States v. Figueroa–Soto,* 938 F.2d 1015, 1020 (9th Cir.1991). The evidence put forth by Mak is simply insufficient to demonstrate that the federal government was acting under color of state authority, or on the state's behalf.

## VII.

Because Mak has not taken the steps necessary to invoke the federal government's obligation to render a determination regarding a *demand* for information from the state court, the federal defendants did not act improperly in failing to disclose the identities of C–1 and C–3 after being provided with a copy of the Washington judge's advisory opinion. In addition, Mak's constitutional arguments as

presented to the federal courts are without merit at this stage of the proceedings. Accordingly, the district court's order is AFFIRMED.