# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3973

_____

| | | |
|---|---|---|
| Abdel Elnashar, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Speedway SuperAmerica, LLC, | * | District Court for the District |
| | * | of Minnesota. |
| Defendant/Appellee, | * | |
| | * | |
| United States Department of Justice; | * | |
| Federal Bureau of Investigation, | * | |
| Minneapolis Office; Nancy Schuster, | * | |
| Special Agent in Charge, | * | |
| | * | |
| | * | |
| Interested Parties/ | * | |
| Appellees. | * | |

_____

Submitted: October 12, 2005
Filed: May 3, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

Abdel Elnashar appeals a discovery order. We dismiss for lack of jurisdiction.

## I.    BACKGROUND

Elnashar sued his former employer, Speedway SuperAmerica, LLC, alleging, among other things, that he was subjected to a hostile work environment and wrongfully disciplined because of his religion and national origin. In connection with this lawsuit, Elnashar sought testimony from a Federal Bureau of Investigation (FBI) agent and unredacted FBI reports in an effort to learn the name of an unidentified informant. Elnashar argued that the information was relevant to his employment claims, because he believed that the informant was a Speedway SuperAmerica employee, and that the evidence would show discriminatory intent. The court denied Elnashar's motions to compel the production of FBI documents and the appearance of an FBI witness and to review the FBI's decision not to release information. Elnashar brought this appeal, prior to final judgment.[1]

## II.    JURISDICTION

Federal appellate jurisdiction is statutorily circumscribed. United States v. Haley, 541 F.2d 678 (8th Cir. 1974). This is an appeal from an interlocutory order, which is appealable only in very narrow circumstances.

> In general, an interlocutory order may not be appealed
> unless it includes the grant or denial of an injunction, §
> 1292(a)(1); or the district court has certified a controlling
> issue of law under § 1292(b); or the court has directed entry
> of a partial final judgment pursuant to Rule 54(b) of the

---

[1]We note that Speedway SuperAmerica's motion for summary judgment was granted on September 22, 2005. However, we have previously rejected the doctrine of "cumulative finality" which would grant this court jurisdiction to hear a prematurely filed appeal once final judgment has been entered. Miller v. Special Weapons, L.L.C., 369 F.3d 1033, 1035 (8th Cir. 2004). This case presents no reason to change our stance.

> Federal Rules of Civil Procedure; or the order is appealable
> as a final order under the judicially created collateral order
> doctrine.

Borntrager v. Cent. States, Se. and Sw. Areas Pension Fund, 425 F.3d 1087, 1090 (8th Cir. 2005). Elnashar contends that his appeal involves either a partial final judgment or the collateral order doctrine, "under which an interlocutory order is immediately appealable if it conclusively 'resolve[s] an important issue completely separate from the merits of the action' and is 'effectively unreviewable on appeal from a final judgment.'" Id. at 1092 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)). We disagree with Elnashar's contention.

First, Elnashar argues that he is appealing from the district court's "summary judgment" in favor of the FBI. He likens his case to an appeal from a final judgment in an action against a government agency filed "pursuant to the APA [Administrative Procedure Act], challenging the federal government's refusal to disclose the information he seeks." Mak v. FBI, 252 F.3d 1089,1091 (9th Cir. 2001). While we assume, without deciding, that Elnashar need not file a separate action under the APA against the FBI to conduct discovery, he nonetheless cannot appeal the discovery order. Unlike Mak, no final judgment had been entered at the time of Elnashar's interlocutory appeal. Therefore, this court lacks jurisdiction to consider the appeal.

Second, Elnashar states that this court has jurisdiction over the discovery order as an order confirming a review of a final agency decision, citing In re SEC ex rel. Glotzer, in which the Securities and Exchange Commission (SEC) sought a writ of mandamus to prevent the district court from compelling its attorneys to testify. 374 F.3d 184, 185-86 (2d Cir. 2004). Again, we disagree. Elnashar is not seeking a writ, which was appropriate in Glotzer, because "the district court's order [was] not immediately appealable." Id. at 188. Further, in Glotzer, the SEC attorneys' only option, absent a writ, was to be held in contempt, then appeal, which implicated

separation of powers issues. Id. at 187-88. Elnashar's appeal does not implicate any separation of powers issues. Further, the instant discovery order, which denied disclosure and can be reviewed after final judgment, does not present the same exigency as an order compelling disclosure of privileged testimony which cannot be undisclosed after final judgment.

Third, Elnashar argues that we should follow, Westinghouse Elec. Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965), to find that we have jurisdiction, under the collateral order doctrine. We disagree. While Westinghouse did involve a discovery order, it involved information pertinent to tolling the statute of limitations for the instant parties, as well as for potential parties in other circuits. Id. at 764-65. The court analogized the case to the appealability of "an order quashing a subpoena entered in a district other than the one in which the main case is pending," id. at 765, and held that the appeal was appropriate because other defendants in other jurisdictions would be affected and might not be afforded review if the instant defendants did not appeal. Id. at 766. However, Elnashar has post-judgment control to decide whether to appeal these issues, and thus, the collateral order doctrine does not apply.

Finally, Elnashar points out that at least one other circuit has reviewed a subpoena duces tecum served on a government agency as a third party. United States EPA v. Gen. Elec. Co., 197 F.3d 592 (2d Cir. 1999), amended by 212 F.3d 689 (2000). The court reviewed an order quashing a subpoena, implicitly holding that it had jurisdiction to review an interlocutory discovery matter. However, the court only explicitly decided three issues: (1) a subpoena addressed to an agency need not have the exact name of the officeholder correct, (2) agency actions are reviewable under the APA, and (3) a litigant need not commence a separate lawsuit to gain judicial review. Id. at 597-99. The court did not review the merits of the discovery order as an interlocutory matter, but remanded to the district court after setting forth those

-4-

holdings. The court did not hold that a final agency decision affirmed by a discovery order is reviewable before final judgment in the underlying matter. Neither do we.

## III.  CONCLUSION

For the foregoing reasons, we dismiss for lack of jurisdiction.

_____