**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2951
_____

BORIS MALINSKY,

Appellant

v.

FBI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-03957)
District Judge:  Honorable Gerald A. McHugh
_____

Submitted on a Motion to Proceed In Forma Pauperis,
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 15, 2024
Before:  BIBAS, MATEY, and CHUNG, Circuit Judges.

(Opinion filed: March 4, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Boris Malinsky commenced this action in the District Court to compel the Federal Bureau of Investigations (FBI) to turn over evidence he claims would be useful in his state-court criminal proceedings. Specifically, Malinsky contends that the FBI has in its possession an affidavit, as well as a video-recorded statement, from his mother averring that she had been "trained to lie in order to send [him] to prison." Compl. 3, ECF 1. Upon screening, the District Court construed Malinsky's filing as, inter alia, a petition for a writ of mandamus and dismissed it as legally baseless pursuant to 28 U.S.C. § 1915(e)(2)(B). Malinsky appealed.[1]

We will summarily affirm. We agree with the District Court that Malinsky failed to satisfy the standard for a writ of mandamus compelling the FBI to provide the requested evidence.[2] Before a writ of mandamus under 28 U.S.C. § 1361 may issue, a party must show, among other things, that "he has exhausted all other avenues of relief." Heckler v. Ringer, 466 U.S. 602, 616 (1984). In this case, however, Malinsky has not made this

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under § 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We may summarily affirm on any ground supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

[2] We also agree with the District Court that Malinsky could not proceed against the FBI under a Bivens theory because, among other things, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Moreover, Malinsky did not allege the violation of a constitutional right in a context to which Bivens has been extended. See Xi v. Haugen, 68 F.4th 824, 832–35 (3d Cir. 2023).

showing because, for example, he could have requested the evidence through the procedures set forth in 28 C.F.R. § 16.21(a), the first step of which would have been to ask the state court presiding over his criminal case to demand the evidence from the Department of Justice, see id. §§ 16.22(a), 16.21(a)(2).  If the demand did not yield the evidence, he could then seek relief in federal court in an action under the Administrative Procedure Act.  See Kwan Fai Mak v. FBI, 252 F.3d 1089, 1092 n.5 (9th Cir. 2001).  Because Malinsky thus had other adequate means to request the evidence, he was not entitled to this drastic remedy.  See In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005).

Accordingly, we will summarily affirm.[3]

---

[3] Malinsky's motion to proceed in forma pauperis is granted.  See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).