Peter SOLOMON, Plaintiff,

v.

NASSAU COUNTY, Defendant.

No. 08–CV–703 (ADS)(ARL).

United States District Court,
E.D. New York.

May 24, 2011.

Paul T. Layton, Esq., New York, NY, Law Offices of Ambrose Wotorson, by Ambrose W. Wotorson, Esq., of Counsel, Brooklyn, NY, Attorney for the Plaintiff.

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., by Donna A. Napolitano, Esq., of Counsel, Garden City, NY, John Ciampoli, Nassau County Attorney, by Ryan Singer, Deputy County Attorney, Liora M. Ben–So-rek, Deputy County Attorney, Mineola, NY, Attorneys for the Defendant.

Loretta E. Lynch, United States Attorney, by Diane C. Leonardo–Beckmann, Assistant United States Attorney, Central Islip, NY, Attorneys for third-party movant Department of Veterans Affairs.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On February 20, 2008, the plaintiff Peter Solomon (the "Plaintiff"), a former pre-trial inmate at the Nassau County Correctional Center, commenced this action against Nassau County (the "Defendant") under federal and state law, seeking damages for physical and emotional injuries that occurred when he was allegedly bitten by a rodent in his jail cell. Presently before the Court is a motion by a non-party, the Department of Veterans Affairs (the "VA") to quash subpoenas for the testimony of two of its employees who have treated the Plaintiff for his post-traumatic stress disorder ("PTSD"). For the reasons set forth below, the Court grants the motion to quash. However, in order to avoid prejudice to the Plaintiff by excluding evidence necessary to establish his emotional damages, the Court modifies its February 28, 2011 order and grants the Plaintiff the opportunity to designate an expert witness.

### I. BACKGROUND

The Court assumes the parties familiarity with the facts of this case. The relevant procedural history surrounding the instant motion is as follows. On February 1, 2010, discovery in this case closed and the Court set the case down for trial on September 7, 2010. After the Court adjourned the trial to December 6, 2010 at the Defendant's request, on November 30, 2010, the Plaintiff wrote to the Court requesting an adjournment of the trial and leave to file a motion to re-open discovery. The Court granted the request for an adjournment until February 22, 2011, and informed the Plaintiff that he could make a formal motion to re-open discovery.

Thereafter, on January 12, 2011 the Plaintiff filed a motion to, among other things, amend the Joint Pre-trial Order to include as new fact witnesses the following employees of the Department of Veterans Affairs who had provided him with medical care at an inpatient treatment center: (1) Dr. Leo Sher; (2) Dr. Drew Bianchi; (3) Rachel Geronemus; (4) Ruth Batista; and (5) Jessica S. Berlin. In addition, the Plaintiff also requested that the Court permit him to add an expert witness to testify with respect to the alleged mental injuries caused by the rodent bite. Weighing the Plaintiff's arguments about the necessity of the fact and expert witnesses to discuss the Plaintiff's alleged emotional injuries against the risk of prejudice to the Defendant by the late addition of witnesses, by order dated February 28, 2011, the Court granted the request to add the VA employees as fact witnesses, but denied the request to add an unidentified expert witness who had yet to be retained.

Subsequent to this order, counsel for the Defendant issued subpoenas for the depositions of the above-named VA employees. On March 9, 2011, the VA contacted counsel for the Defendant and informed her that pursuant to 38 C.F.R. § 14.800, *et seq.,* the VA had the authority to determine whether its employees would comply with a third-party subpoena in a civil matter, and that the VA did not have sufficient information about the requested testimony to make a determination. (Motion to Quash, Ex. B.) In a letter to the Defendant's counsel dated March 11, 2011, the VA stated that it had reviewed the Plaintiff's complaint and determined that it would not approve the appearance of any VA employees to testify in this litigation, and that if any subpoenas were served on its employees it would move to quash them. (Motion to Quash, Ex. D.) As a result, on March 12, 2011, the Plaintiff filed a motion to compel the requested testimony, seeking "so-ordered" subpoenas for only two out of the five fact witnesses—Dr. Leo Sher, the Plaintiff's psychiatrist, and Ruth Batista, the Plaintiff's social worker—asserting that their testimony was necessary because it "goes to the very heart of plaintiff's claims that his post-traumatic stress disorder continues, and that it was exacerbated by the underlying rat bite."

(Docket Entry No. 79.) The Court "so-ordered" the subpoenas and on March 23, 2011, the VA filed the instant motion to quash.

According to the VA, the Plaintiff failed to comply with administrative procedures, and, even assuming that his request to the VA was procedurally proper, the Plaintiff cannot show that the VA's denial of its request for testimony was arbitrary and capricious or an abuse of discretion. In addition, the VA argued that the Plaintiff was attempting to use Dr. Sher and Ms. Batista to provide the expert testimony otherwise denied by the Court's February 28, 2011 order, and that VA employees were statutorily prohibited under 38 C.F.R. § 14.808 from providing expert or opinion testimony. In response, the Plaintiff, citing no case-law or other authority supporting his position, simply disagreed with the VA's assessment of the relevant regulatory factors and insisted that he was only seeking the fact testimony of the VA employees to interpret their medical records.

## II. DISCUSSION

Pursuant to the federal housekeeping statute, 5 U.S.C. § 301, federal agencies may promulgate procedural regulations governing "the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers and property." 5 U.S.C. § 301. The authority for such regulations was upheld by the Supreme Court in *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), and therefore agencies refer to requests for records or testimony from federal agencies or employees under these types of regulations as "*Touhy* requests." As an initial matter, the VA contends that procedural deficiencies warrant the quashing of the motion, namely that: 1) the Plaintiff's opposition was untimely by one day and 2) the *Touhy* request was improper because the subpoenas failed to include a written statement indicating the relevancy of the proposed testimony. The Court will ultimately grant the motion to quash on the merits. Therefore, the Court deems it unnecessary to consider the ground with regard to the Plaintiff's one day delay in filing his opposition or the less than technical compli-

ance with the VA regulation governing written demands.

■ The VA internal regulations, which are codified in 38 C.F.R. § 14.800 *et seq.*, require that the VA determine the nature of the testimony requested, and evaluate certain factors set forth in 38 C.F.R. § 14.804, relating to how the testimony in the current case, as well as future cases, will impact the ability of the agency or VA personnel to perform their official duties. 38 C.F.R. § 14.803. "In other words, the statute gives the government varying degrees of discretion to grant or deny such requests depending on the type of information involved." *S.E.C. v. Chakrapani*, Nos. 09–CV–325, 09–CV–1043, 2010 WL 2605819, at *9 (S.D.N.Y. June 29, 2010). In this case, the VA produced the Plaintiff's medical records, but denied the Plaintiff's request to depose Dr. Sher and Ms. Batista because of the undue burden their testimony would directly place on them and their patients. Further, it is expected that there would be an undue burden on the VA from the cumulative effect of VA employees expending time and resources for the benefit of private litigants as opposed to performing their official duties. In addition, the VA determined that the Plaintiff sought to elicit expert and opinion testimony from Dr. Sher and Ms. Batista, which is expressly prohibited under 38 C.F.R. § 14.808.

There is a currently a circuit split with respect to the appropriate standard of review for determining whether a federal agency has properly refused to comply with a third party subpoena. The VA contends that the agency's final decision to deny a *Touhy* request is subject to review under Section 706 of the Administrative Procedure Act ("APA"), which requires the Court to uphold an agency's decision unless it is "arbitrary and capricious." *See, e.g., COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 277 (4th Cir.1999); *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir.1991). By contrast, more recent decisions have held that an agency's denial of a *Touhy* request, as with any objection to a third party subpoena, is properly analyzed under Federal Rules of Civil Procedure 26 and 45 (the "Rules"). These Rules require the Court to determine whether it would be an undue burden for the government to produce the requested employees, and to weigh that burden against the Plaintiff's need for the testimony. *See, e.g., Watts v. S.E.C.*, 482 F.3d 501 (D.C.Cir. 2007) ("Rule 45 also supplies the standards under which district courts assess agency objections to a subpoena. The rule requires that district courts quash subpoenas that call for privileged matter or would cause an undue burden."); *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774 (9th Cir.1994); *In re Packaged Ice Antitrust Litig.*, No. 08–MD–1952, 2011 WL 1790189, at *2 (E.D.Mich. May 10, 2011) ("The Sixth Circuit has not expressly decided this issue. This Court concludes that the Sixth Circuit would join the opinions of those courts, mostly in this century, that have concluded that Federal Rule of Civil Procedure 45 and various available privilege rules provide sufficient limitations on discovery to adequately address legitimate governmental interests in objecting to a motion to compel compliance with a valid federal court subpoena."); *In re PE Corp. Sec. Litig.*, No. 00–CV–705, 2005 WL 806719 at *6–7 (D.Conn. April 8, 2005) (recognizing the above-discussed circuit split and holding that the agency's refusal to produce an individual for a deposition would be analyzed under the applicable federal discovery rules).

"The Second Circuit has not decided which standard of review applies in determining whether a federal agency has properly refused to comply with a subpoena: the arbitrary and capricious standard of the APA, 5 U.S.C. § 706(2)(A), or the standard set forth in Rule 45 of the Federal Rules of Civil Procedure...." *Abdou v. Gurrieri*, No. 05–CV–3946, 2006 WL 2729247, at *4 (E.D.N.Y. Sept. 25, 2006) (citing *U.S. Envtl. Prot. Agency v. Gen. Elec. Co.*, 212 F.3d 689, 690 (2d Cir.2000)); *In re Security and Exchange Commissioner ex rel. Glotzer*, 374 F.3d 184, 191–92 (2d Cir.2004) ("[T]he question of whether APA § 706 governs courts' review of agency non-compliance with discovery requests-a question which is, in any event, far from settled."). However, because the Court would reach the same result under either standard, it is unnecessary to decide which standard of review is applicable.

### A. As to the Motion to Quash under Section 706 of the APA

When reviewing an agency decision under Section 706, "[t]he reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In reviewing an agency's explanation of its actions under Section 706, the Court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *City of N.Y. v. Shalala*, 34 F.3d 1161, 1167 (2d Cir. 1994) (citations omitted).

Here, the VA considered the following factors in denying the *Touhy* request for the testimony of Dr. Sher and Ms. Batista:

- Dr. Sher treats thirty patients on a daily basis for psychiatric and other medical issues, as well as supervises two residents and two to three medical students. Ms. Batista works with an average of thirteen patients a day, and is responsible for interviews, assessments, and follow-up care for discharged patients. Thus, the absence of Dr. Sher and Ms. Batista would be unduly burdensome, *see* 38 C.F.R. § 14.804(d), and have a detrimental impact on patient care, *see id.* at § 14.804(h).

- Dr. Sher and Ms. Batista's testimony is not necessary to prevent the "perpetration of fraud or other injustice" 38 C.F.R. § 14.804(c), nor would the testimony assist the VA in performing its statutory duty to serve the nation's veterans, 38 C.F.R. § 14.804(b).

- With respect to the impact on future cases, the VA considered the cumulative harm of spending the time and money of the VA and the VA employees for the benefit of private litigants as opposed to expending those resources "for conducting their official duties concerning servicing the Nation's veteran population." 38 C.F.R. § 14.804(a).

In opposition, the Plaintiff disputes the VA's assessment of the burden on Dr. Sher and Ms. Batista that would result from the "brief" amount of time spent at a deposition and providing testimony at trial. However, the VA is in a better position than the Plaintiff to assess "the time and effort involved in preparing the employees for their depositions and testimony and how that time commitment might hamper their ability to fulfill their duties." *Ashland v. Schaefer*, No. 08–CV–3048, 2008 WL 2944681, at *6 (D.Or., July 31, 2008).

Furthermore, the Plaintiff contends that the VA's position on its statutory obligations and the use of its resources in private litigation is "shortsighted, offensive and vapid" because the Plaintiff is a veteran suffering from PTSD as a result of his military service and therefore is entitled to their assistance. (Pl.'s Br. at 2.) However, the VA is a federal agency of limited resources, tasked with "administer[ing] the laws providing benefits and other services to veterans and the dependents and the beneficiaries of veterans" not only for the Plaintiff, but for all of the nation's veterans. *See* 38 U.S.C. § 301(b). As the VA persuasively argued, "[i]f VA doctors or employees were required to give testimony for every patient they treated in unrelated civil actions, *e.g.*, car accidents, slip and falls, discrimination cases, or worker's compensation cases, then employees would be unable to perform their normal, official duties." (VA Reply Br. at 4.) By focusing only on the direct burden the subpoena places on Dr. Sher and Ms. Batista, and the direct benefit potentially conferred on himself, the Plaintiff fails to take into account the VA's "legitimate concern with the potential cumulative effect of granting such requests." *Davis Enters. v. Envtl. Prot. Agency*, 877 F.2d 1181, 1187 (3d Cir.1989).

Here, the Court finds no error in the VA's application of the relevant factors or in its determination that the factors weighed against granting the *Touhy* request. Although the Plaintiff may disagree with the VA's assessment of the direct and indirect burden caused by the testimony, absent clear error or an abuse of discretion, the Court defers to the agency's determination. Accordingly, under the "arbitrary and capricious" standard the Court would grant the motion to quash. *See CCA of Tennessee,*

*LLC v. Dep't of Veterans Affairs,* No. 09–CV–2442, 2010 WL 1734953, at *8 (S.D. Cal. April 27, 2010) ("Given the specialized nature of Dr. Schoenfeld–Smith's work, her heavy patient load, the lack of substitute staff psychologists, and CCA's ability to conduct an independent mental examination of Velez in the Underlying Action, the VA's conclusions that allowing CCA to depose Dr. Schoenfeld–Smith would disrupt her official duties, compromise the agency's impartiality, and have a potential cumulative effect of wasting a significant amount of agency time and money on issues unrelated to the agency's mission were not arbitrary and capricious."); *Bobreski v. U.S. Envtl. Prot. Agency,* 284 F.Supp.2d 67, 80 (D.D.C.2003) ("The plaintiff may not agree with EPA's assessment and its denial of the plaintiff's request. But neither the plaintiff nor this court may substitute their judgment for that of the EPA. Because EPA made a rational decision in accordance with its *Touhy* regulations, the court determines that EPA's denial of the plaintiff's request for the inspector's testimony was not arbitrary and capricious.").

### B. As to the Motion to Quash Under the Federal Rules of Civil Procedure

■ As previously stated, an analysis of whether to quash the subpoenas under the Federal Rules of Civil Procedure also supports granting the motion. Motions to quash subpoenas under the Rules are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir.2003) (internal quotation marks omitted). Relevant to the instant motion are Rule 26(c)(1), which for good cause permits the Court to forbid discovery to protect a party or person from "undue burden or expense" and Rule 45(c)(3), which authorizes the Court to quash a subpoena when it "creates an undue burden." Notably, many of the factors that the VA weighed in deciding whether to grant the *Touhy* request, such as the detrimental impact on the agency, the VA employees, and other patients, are also applicable to the Court's analysis under the Rules as the " 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on

third parties." *Watts v. SEC,* 482 F.3d 501, 509 (D.C.Cir.2007).

■ Moreover, courts analyzing an agency's refusal to comply with a third party subpoena under the discovery rules may take into account not only the direct burdens caused by the testimony, but also "the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations." *Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774, 779 (9th Cir.1994). Accordingly, because the Court agrees with the VA's assessment of the relative burdens of the subpoenas on the agency, its patients, Dr. Sher and Ms. Batista, the Court finds that the subpoenas would cause an "undue burden" as defined in the Rules.

In addition, the Court does not necessarily agree that it is bound by VA regulation 38 C.F.R. § 14.808 to exclude any expert or opinion testimony by VA employees. *See Carter v. Mississippi Dep't of Corrections,* No. 88–CV–213, 1996 WL 407241, at *3 (N.D.Miss. May 24, 1996) (holding that the VA could not rely on 38 C.F.R. § 14.808 to circumvent the authority of the court to require a VA employee to provide expert or opinion testimony). However, the Court nevertheless can exercise its discretion under the Rules to preclude Dr. Sher and Ms. Batista from providing expert or opinion testimony because "the Rules can prevent private parties from exploiting government employees as tax-supported pools of experts." *Exxon,* 34 F.3d at 779 (citing Fed.R.Civ.P. 45(c)(3)(B)(ii), (iii) for the proposition that "a court may in its discretion disallow the taking of a non-retained expert's testimony unless the proponent makes a showing of 'substantial need' that 'cannot be otherwise met without undue hardship' and payment of reasonable compensation"). Contrary to the Plaintiff's characterization of the anticipated testimony as factual, by seeking to have Dr. Sher and Ms. Batista render opinions on the diagnosis of the Plaintiff's PTSD and whether the rodent bite exacerbated the Plaintiff's PTSD, it appears that the Plaintiff is attempting to elicit some expert or opinion testimony.

However, under the Rules, the Court must weigh the burden of the subpoena to the VA against the Plaintiff's right to obtain relevant evidence. Even though the VA determined that Dr. Sher and Ms. Batista's testimony was unnecessary to prevent a fraud or injustice, the question of whether testimony is "necessary" under the Rules is not so limited. In fact, in granting the Plaintiff's request to add the VA employees as fact witnesses after the close of discovery and on the eve of trial, the Court already determined that this evidence was necessary and relevant to the Plaintiff's ability to explain his theory of damages. In addition, the Court agrees with the Plaintiff that the VA medical records are not self-explanatory and require explanation to a jury.

In weighing the undue burden against the necessity of the testimony, the Court may also consider under Rule 26(b)(2)(C)(i) if the discovery can be "obtained from some other source that is more convenient" or "less burdensome." Here, that "other source" would have been a designated expert, who could have performed a mental evaluation of the Plaintiff and also explained the medical records to the jury. However, as a result of the Plaintiff's own procedural error in failing to timely designate an expert or even identify a proposed expert, the less burdensome "other source" was not an available option. Thus, while the Plaintiff may have established the relevance and necessity of Dr. Sher and Ms. Batista's testimony, the Court will not permit a substantial burden to be placed on a federal agency and its employees simply to rectify the Plaintiff's procedural errors. Therefore, the VA's motion to quash is granted.

### C. As to the Designation of an Expert Witness

Having granted the motion to quash the subpoenas calling for the testimony of Dr. Sher and Ms. Batista, the remaining question is whether, at this stage in the proceeding, the Court should permit the Plaintiff to retain an expert to conduct an independent mental evaluation of the Plaintiff and to testify with regard to the contents of the VA medical records. Fortunately, the Court does not need to address this issue anew, because, as previously stated, the Court's February 28, 2011 order held that the relevant factors weighed in favor of permitting the Plaintiff to designate a witness to testify with respect to his emotional damages. Although, at the time, the Court determined that the Plaintiff's failure to identify the proposed expert witness was fatal to his request, the unavailability of a less burdensome "other source" for such testimony shifts the balance in favor of permitting the designation of an expert. However, in order to avoid prejudice to the Defendant and to avoid delaying the trial of this matter even further, the Court will afford the Plaintiff only sixty days from the date of this order to retain the expert, have the expert examine the Plaintiff, produce an expert report if required, and make the expert available for a deposition. The parties are then directed to appear before this Court on Thursday, September 8, 2011 at 9:00 am for a pre-trial conference.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that the VA's motion to quash the subpoenas for the testimony of Dr. Sher and Ms. Batista is **GRANTED,** and it is further

**ORDERED,** that the Court modifies its February 28, 2011 order to permit the Plaintiff to designate an expert witness for the limited purpose of rendering an opinion with regard to the Plaintiff's mental injuries and explaining his VA medical records, subject to the time limitations set forth in the decision, and it is further

**ORDERED,** that the parties are directed to appear before the Court on Thursday, September 8, 2011 at 9:00 am for a pre-trial conference.

**SO ORDERED.**